# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS M. WARD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-40109-FDS |
| WORCESTER HOUSE OF CORRECTION, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will (1) grant the plaintiff's motion for leave to proceed *in forma pauperis*; (2) direct the plaintiff to file an amended complaint; and (3) deny without prejudice the plaintiff's motion for appointment of counsel.

## I. Background

On June 16, 2011, Thomas Ward, who is incarcerated at the Worcester County Jail and House of Correction ("WHOC"), filed a self-prepared lawsuit, a motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel.

Ward alleges that he has received inadequate dental care at the WHOC. He contends that on four occasions since September 8, 2010, he has visited the dentist at the WHOC for teeth and pain problems. The dentist has formally requested that the plaintiff receive upper and lower partial dentures, but WHOC staff (Deputy Kathy Shultz, Lieutenant Mark Morisey, Superintendent Shawn Jenkins, and Sheriff Evangilidis) have denied the requests. As a result,

Ward is "unable to properly eat and digest food" and suffers "extreme pain" on a daily basis. Compl. ¶¶ 8, 11.

Ward represents that he has exhausted his administrative remedies. He now brings a claim under 42 U.S.C. § 1983 for a violation of his rights under the Eighth Amendment of the United States Constitution. He names the WHOC as the sole defendant. He seeks $20,000 in damages and the repair of "dental work deemed needed." *Id.* ¶ 12.

## II. Discussion

### A. The Motion to Proceed *In Forma Pauperis*

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis* and the accompanying prison account statement, the Court concludes that the plaintiff lacks fund to prepay the filing fee. The Court will therefore grant the motion. Because the plaintiff has been without funds for six months and is currently without funds, the Court will not assess an initial partial filing fee. Pursuant to 28 U.S.C. § 1915(b)(2), plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account until the statutory filing fee of $350 has been paid in full.

### B. Screening of the Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses will not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims lack an arguable basis in law or in fact, fail

to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In conducting this review, the Court should liberally construe the complaint because the plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the complaint fails to state a claim for relief against the WHOC, which is not a "person" within the meaning of § 1983. *See, e.g.*, *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (per curiam); *Johnson v. Johnson*, 2008 WL 2421722, at *3 (E.D. Tenn. June 12, 2008); *Prentice v. Jones*, 2007 WL 1141595, at *2 (N.D. Ind. Apr. 16, 2007); *Larry v. Goetz*, 2006 WL 1495784, at *3 (W.D. Wis. May 18, 2006); *Mardsen v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).

To avoid dismissal of this action, Ward may submit an amended complaint to name other defendants. In so doing, he must comply with Fed. R. Civ. P. 8(a). Under this rule, the complaint must, include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68). In other words, in the amended complaint, Ward must clearly identify the alleged misconduct of each named defendant. If there is more than one cause of action, Ward must indicate against whom each cause of action is brought.[1]

---

[1] The plaintiff should not refer to the "defendants" collectively when it cannot be reasonably inferred that all of the defendants were involved, or it is otherwise not clear to which defendant or defendants the plaintiff is

As noted above, Ward states that he brings this claim under 42 U.S.C. § 1983. Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To state a § 1983 claim, a plaintiff must allege facts from which the Court may reasonably infer that (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the United States Constitution or other federal law. *See Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 146, 156 (1st Cir. 2006) (quoting *Cepero-Rivera*, 414 F.3d at 129)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" *Id.* (quoting *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000)). Thus, in the amended complaint, Ward must clearly allege how each defendant was personally involved in the denial of his request for complete and partial dentures.

The amended complaint will be subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, and summonses will not issue pending screening of the amended complaint.

---

referring. *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts" and the plaintiff had failed to cure the pleading deficiencies); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).).

### C. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

The Court cannot yet evaluate whether exceptional circumstances exist to warrant the appointment of counsel. The Court will therefore deny without prejudice the motion for appointment of counsel. Plaintiff may file a new motion for appointment of counsel after the defendant(s) have been served with and responded to the amended complaint.

### III. Conclusion

For the foregoing reasons:

1. The motion for leave to proceed *in forma pauperis* is GRANTED. Because plaintiff has been without funds for six months and is currently without funds, the Court will not assess an initial partial filing fee. Pursuant to 28 U.S.C. § 1915(b)(2), plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account until the statutory filing fee of $ 350 has been paid in full. The Clerk shall send a copy of this Order

to the treasurer of the institution having custody of plaintiff.

2. If the plaintiff wishes to pursue this action, he must, within 42 days of the date of this order, file an amended complaint that cures the deficiencies discussed above. Failure to comply with this directive may result in dismissal of the action without prejudice.

3. The motion for appointment of counsel is DENIED without prejudice to its renewal.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: August 12, 2011